IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RONALD WYNN, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 5:02-CR-42 WDO |
| | | Motion To Modify Sentence |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Indictment was returned in this court on May 29, 2002 (R-9) charging Petitioner Wynn in Count I with Possession With Intent To Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(iii) and 18 U.S.C. § 2, and in Count II with Assaulting a Deputy Marshall engaged in official duties in violation of 18 U.S.C. § 111(a)(1). On July 16, 2002, Wynn entered into a Plea Agreement with the Government (R-20) and pled guilty to both Counts of the Indictment (R-21). The district court held a plea hearing on July 16, 2002, accepted Petitioner's guilty pleas, and released him under a Secured Bond for his sentencing date set for October 3, 2002 (R-22-24). Wynn did not appear for sentencing as scheduled and the court issued a bench warrant for his arrest (R-29, 30). He was located and produced for sentencing on February 4, 2003 (R-36), at which time he was sentenced to 360 months imprisonment on Count I and 120 months concurrent on Count II, for a total term of imprisonment of 360 months (R-37). Petitioner Wynn filed no appeal. His sentence, therefore, became final on February 22, 2003, when his time for appellate review expired. (R-37).

On April 14, 2006, the Government filed an out-of-time Rule 35(b) Motion for reduction of Wynn's sentence upon the basis of substantial assistance in the detection and prosecution of other offenders (R-41). The district court granted the Rule 35 Motion and reduced the imprisonment

portion of Wynn's sentence to 240 months, a ten year reduction (R-42).

On February 20, 2007, Petitioner Wynn filed a Motion To Reopen Petitioner's Sentence [for] Modification of Same (R-48) pursuant to 18 U.S.C. § 3582(b)(1)(B), which provides that the court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In his Motion, Petitioner Wynn states, "I was not supposed to receive a [30] thirty year sentence. Shortly after I was arrested, the Assistant United States Attorney, . . . made a binding deal with me. [He] told me that he would file a 5K1.1 Motion to get me a reduced prison sentence, if I would help GBI Agent Del Cole bust other crack dealers." (R48:4) Wynn does not allege that the Assistant United States Attorney promised him anything other than the filing of a 5K1.1 Motion for a sentence reduction. However, he adds, "My Attorney John Francisco told me that by assisting the government in the arrest and bust and conviction of the above drug dealers, I would receive a sentence substantially less than [30] thirty years, I would instead receive but [8] years, I did not receive what I was told but received [30] thirty years instead, 360 months."

In his Motion, Petitioner Wynn acknowledges that the Government did file in March 2006, a Rule 35(b) motion to reduce his sentence for substantial assistance, although he is somewhat confused that his sentence was only reduced by eight years instead of ten, as it actually was. (R-42) He states on page six of his Motion that, "Sentence reduction in this case does not reflect the sentence promised (i.e.), a sentence of eight years was promised to Petitioner's understanding."

Notably, Petitioner does not state or contend in his Motion that the Assistant United States Attorney promised him an eight year sentence, rather he infers that his own attorney suggested an eight year sentence for cooperation. The record contradicts these contentions.

2

An examination of Petitioner's Plea Agreement (R-20) reveals in Section (3)(A) and (B) the following:

> That defendant fully understands that defendant's plea of guilty to Count One, will subject defendant to a statutory penalty of a mandatory minimum of five (5) years, with a maximum of forty (40) years confinement . . . a plea to Count Two will subject him to a maximum statutory penalty of twenty (20) years confinement.

Section (3)(H) provides that:

> [D]efendant by this agreement waives any right to direct appeal or other review of defendant's sentence by the District Court or Court of Appeals after conviction except in case of an upward departure from the guidelines pursuant to 5K2.0 and 4A1.3 and any claim of ineffective assistance of counsel.

Section (4) provides that:

> [T]he United States Attorney for the Middle District of Georgia agrees as follows:
> (C) That . . . if the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of the defendant's cooperation known to the sentencing court. . . . the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Title 18 United States Code Section 3553(e) and/or 5K1.1 of the Sentencing Guidelines warranting the filing of a motion . . . recommending a downward departure from the applicable guideline range. . . . In either case, the defendant understands that the determination as to whether defendant has provided "substantial assistance" rests solely with the Government.

Section (6) of the Plea Agreement provides that:

> This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case.

Petitioner Wynn is bound by the admissions, acknowledgments, and agreements contained in his Plea Agreement. Moreover, the record is clear that the Government fully complied with its commitment made in the Plea Agreement. The Government assessed Wynn's cooperation subsequent to sentencing as "substantial assistance", brought the extent of Wynn's cooperation to the sentencing court's attention, and filed a Rule 35(b) Motion for reduction of sentence, which the court granted to the extent of a ten year reduction. There is no merit in Petitioner's contentions otherwise.

**The AEDPA statute of limitations**

Petitioner Wynn seeks vacation and modification of his February 12, 2003, sentence more than four years after it became final, by way of request for a second 5K1.1 Motion for reduction of sentence to be filed by the Government. Rule 35(b) of the Federal Rules of Criminal Procedure provides that any motion for reduction of sentence shall be "upon the government's motion." The Government has file no motion for further reduction of Petitioner's sentence and by its Response to Petitioner's Motion (R-51) asserts no intention or cause to do so.

Moreover, Petitioner's effort to modify his sentence comes too late. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner *plasters* on the cover." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). Petitioner's Motion has properly been recharacterized as a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which judgment of conviction becomes final;
(2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Wynn's Motion is not only without merit and barred by his waiver of appeal or collateral review, but is also time-barred.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 15th day of June 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE